IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:18-CR-11-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL OJAY BRANCH | ) | |

On June 6, 2018, defendant Michael Ojay Branch pleaded guilty without a plea agreement to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). [DE 21]. The Probation Office prepared a Presentence Investigation Report (PSR) computing and explaining defendant's base offense level as follows:

> The guideline for a violation of 18 U.S.C. § 2113(a) is USSG §2B3.1. Pursuant to the Cross Reference at §2B3.1(c)(1), since a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, §2A1.1 (First Degree Murder) is used to determine the offense level because it results in a higher offense level. The base offense level is 43. USSG §§2A1.1(a) and 2B3.1(c)(1).

[DE 25, ¶ 51]. Defendant appeared before the Court for sentencing on November 5, 2018, in Raleigh, North Carolina, and objected to the application of the §2B3.1 first-degree murder cross-reference. Defendant also requested that his state sentence for related conduct and his federal sentences on both counts be imposed to run concurrently and that he be granted credit for time already served in state court.

Defendant was sentenced to 240 months' imprisonment on each count of bank robbery, running concurrently, for a total term of 240 months' imprisonment. Defendant was denied credit for time already served in state prison. Defendant was further sentenced to a three-year term of supervised release on each count, running concurrently, and ordered to pay $14,534.00 in restitution and a $200.00 special assessment. The Court makes the following findings in support of its sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's United States Sentencing Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[1] and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should

---

[1] The factors set forth in § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
> >
> > (B) to afford adequate deterrence to criminal conduct
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available
>
> (4) the kinds of sentence and the sentencing range established for –
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
>
> (7) the need to provide restitution to any victims of the offense.

2

"consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49–50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range—whether by departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365–66 (4th Cir. 2011).

The offense level for a violation of 18 U.S.C. § 2113(a), the offense of conviction here, is established in U.S.S.G. § 2B3.1. In § 2B3.1(c), the Guidelines provide that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States," then the applicable Guideline is, instead, § 2A1.1 (First Degree Murder). § 2A1.1 provides for a base offense level of 43. The Probation Office determined that the § 2B3.1(c) first-degree murder cross-reference was applicable in defendant's case, and thus determined that his base offense level was 43.

Defendant argued that the first-degree murder cross-reference was inapplicable to him because, *inter alia*, he did not intend for death to result from his bank robbery and did not possess "malice aforethought." [DE 30, p. 2]. At the sentencing hearing, the government agreed with the defense that the cross-reference was inapplicable. The government argued that under federal law, for the felony-murder rule to apply to a robbery conviction, the robbery must be committed using a dangerous weapon. The Probation Office, however, maintained its position that the cross-reference was applicable.

3

At the sentencing hearing, the Court agreed with the Probation Office, finding the first-degree murder cross-reference applicable. Determining the PSR to be credible, the Court hereby adopts the findings therein. Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that a sentence within the recommended range is appropriate in this case.

In defendant's case, a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, and the first-degree murder cross-reference is, therefore, appropriate. Federal law provides, in relevant part, that "[e]very murder . . . committed in the perpetration of, or attempt to perpetrate, any arson, escape . . . or robbery . . . is murder in the first degree." 18 U.S.C. § 1111(a). The Fourth Circuit has previously upheld the application of first-degree murder cross-reference, including those based on felony murder. *See, e.g.*, *United States v. Whitfield*, 548 Fed. App'x 70 (4th Cir. 2013), *aff'd* 135 S. Ct. 785 (2015) (upholding the district court's application of a first-degree murder cross-reference when a victim died in connection with forced accompaniment under 18 U.S.C. 2113(e)); *United States v. Gray*, 253 Fed. App'x 321 (4th Cir. 2007) (upholding the district court's application of a first-degree murder cross-reference in connection with mail and wire fraud). In *Whitfield*, the defendant argued that the cross-reference was inapplicable because his robbery did not directly cause the victim's death; the Fourth Circuit rejected this argument, finding the cross-reference applicable because the "death occurred during the course of [the defendant's] attempted robbery." *Whitfield*, 548 Fed. App'x at 72. Specifically, the defendant, who was "fleeing police after a botched bank robbery," entered the victim's home and "guided her" less than ten feet into another room, where she died of a heart attack. *Whitfield v. United States*, 135 S. Ct. 785, 787 (2015). If the defendant's conduct in *Whitfield* merited a felony murder cross-reference, it's clear that such a cross-reference is at least as appropriate here.

4

The government's position that the felony murder rule applies to robberies only when they were committed using a dangerous weapon is without merit.

In the instant case, defendant caused the death of an innocent victim in the course of his bank robbery, one of the felonies enumerated in § 1111(a). It is a textbook application of the federal felony-murder rule. Defendant drove his Ford F-150 directly into the victim's vehicle while driving at a dangerously excessive speed in his attempt to evade the police, killing her. The Probation Office is, therefore, correct to apply the first-degree murder cross-reference and calculate defendant's base offense level as 43. The Court considered this base offense level and the adjustments contained in the PSR in calculating the Guideline range of 360–480 months and, ultimately, in imposing the 240-month sentence.

Further, the Court has determined that defendant's 240-month sentences on each count of bank robbery should run concurrently. Under U.S.S.G. § 5G1.3(b)(2), when a defendant is already serving a term of imprisonment in state court on related conduct, "the sentence for the instant [federal] offense shall be imposed to run concurrently to the remainder of the undischarged term of [state] imprisonment." Accordingly, defendant shall serve the remainder of his term of state imprisonment concurrently with his federal term.

But, to the extent that the Guidelines advise "adjust[ing] the sentence for any period of [state] imprisonment already served," the Court declines to do so. *See* U.S.S.G. § 5G1.3(b)(1). Since *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines have been advisory. While departures from the Guidelines are rare, and therefore to be made only following careful deliberation, the Court believes that a departure is warranted here. Upon consideration of the sentencing range, the arguments of counsel with regard to sentencing, the factors enumerated in § 3553(a), and other relevant factors, the Court finds that defendant should be sentenced to the total

5

term of 240 months for his federal offenses, regardless of the time he has already served in state court. Any remaining provisions of the Court's judgment as announced at sentencing remain unchanged.

SO ORDERED, this ⚬ day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE